COMMONWEALTH *vs.* ARTHUR R. CAIN.

A common seller of intoxicating liquors may be indicted and convicted at the same term, upon two indictments covering successive periods of time, the last of which expired before the finding of either indictment.

INDICTMENT found at December term 1858 of the court of common pleas in Hampshire, for being a common seller of intoxicating liquors, at Ware, on the 24th of September 1858, and from that day to the day of the finding of the indictment.

The defendant, at said term, moved the court to quash the indictment, "because he had been already tried and convicted at this term of the court on an indictment found at this term, for the offence of being a common seller at said Ware, from the 1st of April 1858 to the 24th of September 1858," [*ante*, 7,] and requested the court to rule, "that if the habit and practice of selling was continuous from said first of April to the time of finding this indictment, it constituted but one offence of common selling." But *Bishop*, J. declined to quash the indictment, and ruled, "that although the habit or practice was continuous

during all the time covered by both indictments, yet the defendant could be tried, convicted and sentenced on both." The defendant, being convicted, alleged exceptions.

*G. M. Stearns,* for the defendant. The offence of being a common seller consists in the business and habit of unlawful selling. The provision of *St.* 1855, *c.* 215, § 17, that three sales shall be sufficient evidence of the offence, is not a definition of the offence, but a rule of evidence. The grand jury, having all the evidence before them at one time, that the defendant had been in this habit of selling for eight months, cannot split this continuous habit into divers habits.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. The defendant's objection is sufficiently answered by two clauses of the statute on which the indictment is founded. " Three several sales of spirituous or intoxicating liquors, either to different persons or to the same person, shall be sufficient evidence of a violation of this section; but this shall not prevent proof of the same by other evidence." " Two or more acts of violation of the provisions of this section may be alleged in the same complaint or indictment, and be tried at the same time; and every person convicted on any such indictment shall be subject to the same punishments as if he had been successively convicted on as many indictments as there are counts on which he has been convicted : provided that the whole aggregate term of imprisonment to which any person may be sentenced under any one indictment, or at any one term of the court, for violations of this section, shall never exceed one year." *St.* 1855 *c.* 215, § 17.                          *Exceptions overruled.*